IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CHARLES H. SAUTER** | ) | **CASE NO. 08-72050** |
| | ) | |
| Debtor. | ) | CHAPTER 13 |

## MEMORANDUM DECISION

The matter before the Court is the Debtor's requested confirmation of his chapter 13 plan dated November 11, 2008, which is opposed by the Trustee. The specific issue on which the parties are at odds is whether such plan satisfies the "chapter 7 liquidation test," also commonly known as the "best interests of creditors test," contained in 11 U.S.C. § 1325(a)(4), which requires that

> the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date[.]

Based on the evidence and assumptions provided by the parties, the resolution of this dispute turns on the amount of compensation which would be paid to a chapter 7 trustee upon a hypothetical chapter 7 liquidation of the property of the estate. Counsel for the Debtor asserts that a chapter 7 trustee upon a sale of the Debtor's residence would be paid compensation based on the entire value of such property, less the value claimed as exempt, including an assumed realtor commission of 6% of the sale price and satisfaction of the mortgage indebtedness against the property in the indicated filing date amount of $69,894. The Trustee, on the other hand, although remarkably spare in the explication of her position, seems to have adopted this Court's initial suggestion that the compensation of the chapter 7 trustee would be calculated on the basis

of the net presumed liquidation proceeds to the estate.

Although the Debtor claims ownership of and exemptions for various items of personal property, both tangible and intangible, the Court will limit its attention to two different parcels of real estate scheduled by the Debtor because a chapter 7 trustee certainly would not attempt to sell the tangible personalty and the money assets are claimed as exempt. The Debtor claims a total homestead exemption of $6,000 and indicates in Schedule I that he has two dependent minor children so the amount claimed appears to be proper. Five thousand, six hundred fifty-four dollars and fifty-five cents ($5,654.55) of this total is claimed against the residence property located on Oldtown Street in Galax. None is claimed against the Woodlawn property of which the Debtor indicates a 25% ownership share. Using the assumptions of Debtor's counsel, Mark A. Black, Esquire, which are not challenged by the Trustee, of a 6% realtor commission and values of $14,875 (25% of $59,500 listing price)[1] for the Woodlawn property and $84,800 for the Galax property, yields the following results:

### GALAX PROPERTY

| | |
|---|---|
| Sale Price | $84,800 |
| 6% commission | 5.088 |
| Exemption | 5,655 (rounded) |
| Mortgage | 69,894 (rounded) |
| Net | $   4,163 |

### WOODLAWN PROPERTY

---

[1] The Debtor and the co-owner of this property signed a listing contract with a realtor on August 5, 2008, prior to the petition filing date of October 20, 2008, which provided for a $59,500 listing price and a 6% commission.

```
Sale Price (25%)              $14,875
6% commission                     893 (rounded)
Exemption                           0
Mortgage (25%)                 11,755 (rounded)
    Net                        $ 2,227


Total Net Proceeds         $4,163 + $2,227 = $6,390
Less: Chapter 7 Trustee commission
    25% of $5,000                         1,250
    10% of $1,390                           139
Net to priority and general creditors    $5,001
```

Mr. Black contends that this amount is overstated because a chapter 7 trustee, upon a sale of the Galax residence property, would be entitled under the provisions of 11 U.S.C. § 326 and customary practice to receive compensation based upon the entire assumed sale price of such property, less only the value claimed as exempt. Under that scenario, a chapter 7 trustee's compensation would be calculated upon not just $6,390 but upon the sum of that figure plus the $5,088 assumed realtor commission and the $69,894 mortgage debt payoff. That total of $81,372 would suggest total chapter 7 trustee compensation of $7,319[2], which of course would completely consume any possible distribution to unsecured creditors. Under these assumptions there would be no distribution at all to unsecured creditors and therefore any distribution to them under the terms of the Debtor's proposed chapter 13 plan would satisfy the chapter 7 liquidation test. According to the information contained in the Debtor's proposed plan, a total of $4,198.61 would be distributed to priority and general unsecured creditors.

While the Debtor contends that the Plan as now before the Court clearly satisfies

---

[2] 25% of the first $5,000, 10% of the next $45,000, and 5% of the remaining $31,372 per 11 U.S.C. § 326(a).

3

Case 08-72050    Doc 38    Filed 02/11/09    Entered 02/11/09 12:45:44    Desc Main
                  Document         Page 4 of 8

the chapter 7 liquidation test, the parties agree that if the chapter 7 trustee's compensation were assumed to be $1,389, an additional $802.20 would need to be paid into the Plan. In the event the Court were to so rule, the Debtor is willing to pay such amount by increasing his sixty monthly Plan payments by $13.37 each, which the Trustee finds satisfactory.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determining whether a chapter 13 plan should be confirmed or not is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(L).

It is indeed true, as the Debtor contends, that, under the express language of 11 U.S.C. § 326, a chapter 7 trustee's compensation, or at least the limit of his or her compensation, is determined upon the trustee's distributions to both secured and unsecured creditors.[3] Accordingly, if a chapter 7 trustee were to sell the Debtor's residence property, receive the gross sales proceeds and pay from those proceeds a commission to the realtor or agent involved and pay off the mortgage debt, such amounts would increase the ceiling level of compensation which such trustee might be paid. Counsel for the Debtor further argues that even if such amounts were

---

[3]

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services . . . upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11. U.S.C. § 326(a).

paid by the settlement agent rather than the trustee, their payment would be deemed to have been made constructively by the trustee and the same compensation would apply. There is authority to such effect and *Collier on Bankruptcy* supports this position.[4] On the other hand, there is authority to the contrary which looks only to the money which actually passes thru the trustee's hands.[5] It is undisputed, apparently, that the trustee's compensation cannot be based on mortgage indebtedness which is not paid, directly or indirectly, out of sales proceeds, but which is assumed by the purchaser.[6]

    The Court is reluctant to decide in a chapter 13 case how chapter 7 trustees ought to be compensated when they sell property subject to liens but do not personally pay such liens. To do so in the absence of any actual chapter 7 trustee or creditors who would be personally affected by such a determination comes close to issuing an advisory opinion. Under the circumstances presented here, the Court believes that it ought not attempt to do so and that this case ought to be decided upon an alternate ground, namely, whether the Debtor has established by a preponderance of the evidence that the chapter 7 liquidation test in this case has been met.

    Determining how a theoretical chapter 7 case would turn out and how much the creditors would receive obviously requires the adoption of a number of assumptions and

---

[4] *See In re Tyczka*, 287 B.R. 465 (Bankr. E.D. Mo. 2002); *In re McMaster*, 396 B.R. 266 (Bankr. M.D. Pa. 2008); 3 *Collier on Bankruptcy* ¶ 326.02[2][f] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

[5] *See In re Carter*, 326 B.R. 892, 894 (Bankr. S.D. Fla. 2005). *See also Staiano v. Cain* (*In re Lan Associates XI, L.P.*), 192 F.3d 109, 121 (3rd Cir. 1999) ("In the context of a credit bid sale, a trustee's compensation must be based only on moneys actually disbursed or turned over to parties in interest, not on constructive disbursements.").

[6] *See In re The Landing, Inc.*, 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992); *In re New England Fish Co.*, 34 B.R. 899, 902 (Bankr. W.D. Wash 1983).

inherently is somewhat speculative. There is no doubt that if it is assumed that the chapter 7 trustee would sell the Debtor's residence property to a third party purchaser with all liens being transferred over to the proceeds and with the trustee then paying off the mortgage indebtedness from such proceeds, the compensation payable to such trustee would likely leave little, if anything, for the unsecured creditors. Depending upon the Court's construction of the statute, the same result might follow if such indebtedness were paid by the transaction settlement agent rather than the trustee personally or directly. Those possibilities do not exhaust, however, the reasonable possible outcomes of a chapter 7 case. It is not unusual at all, in chapter 7 cases involving a situation such as is presented here, where there is a relatively modest amount of non-exempt equity present in a debtor's residence which the trustee might seek to liquidate, for the trustee to reach an agreement with the debtor to convey to him or her the bankruptcy estate's interest in the equity in such property for a negotiated sum reflecting the costs which would be incurred upon an outright sale to a third party. Particularly in a case such as this one where the Debtor is attempting to save his home and continue making the mortgage payments thereon it is entirely reasonable for the Court to conclude that such a transaction in a hypothetical chapter 7 case is just as likely, if not more so, as a liquidation sale of the entire property. This Court will not assume, especially in light of its experience to the contrary, that a chapter 7 trustee would exercise his or her discretion over property of the bankruptcy estate to achieve the maximum personal advantage for the trustee and without regard to the ultimate effects of such discretion's exercise upon the bankruptcy debtor and other parties in interest.

It is clear that a bankruptcy debtor has the burden of proving satisfaction of the

standards set forth in 11 U.S.C. § 1325(a).[7]  This certainly applies to satisfaction of the "best interests of creditors test" of § 1325(a)(4).[8]  If no objection to confirmation is filed, the court need not require evidence "that the plan has been proposed in good faith and not by any means forbidden by law."[9]  In this case the Trustee objects to confirmation on the ground that the Debtor's Plan doesn't provide to the unsecured creditors at least as much as they likely would receive in a chapter 7 liquidation.  The Court concludes that under the evidence presented here the Debtor has not established by a preponderance of the evidence that under his Plan dated November 11, 2008 his unsecured creditors would receive as much, as of the effective date of such plan, as they would receive in a chapter 7 liquidation of his property.  The Debtor is being accorded the opportunity to save his home's equity by making payments over a period of sixty months.  He shouldn't begrudge the obligation to pay for the equity which might be realized in an advantageous chapter 7 liquidation rather than one under the most draconian scenario.  An order in accordance with the provisions of this opinion will be entered contemporaneously.  It will direct that unless counsel for the Debtor and the Trustee are able to submit within ten days an agreed confirmation order, that he shall file an amended Plan within fifteen days of this date or this case shall be dismissed without further notice or hearing.

---

[7] *See In re Smith*, 328 B.R. 797, 802 (Bankr. W.D. Mo. 2005); *In re Brown*, 244 B.R. 603, 607 (Bankr. W.D. Va. 2000); Hon. Barry Russell, *Bankruptcy Evidence Manual* § 301:76 at pages 1042-49 (2008-2009 ed.).

[8] See *In re Williams*, 354 B.R. 604, 608 (Bankr. N.D. N.Y. 2006).

[9]  Rule 3015(f) of the Federal Rules of Bankruptcy Procedure.

This 11th day of February, 2009.

/s/ William F. Stone, Jr.

UNITED STATES BANKRUPTCY JUDGE